# EXHIBIT A

# COMMONWEALTH of VIRGINIA

POST OFFICE BOX 2452

***Secretary of the Commonwealth***

RICHMOND, VIRGINIA 23218-2452

## NOTICE OF SERVICE OF PROCESS

Affirm Loan Services, LLC
330 N. Brand Blvd.
Suite 700
Glendale, CA 91203

Marquise D. Carter

vs.

Affirm Loan Services, LLC

**Warrant**

Dear Sir/Madam:

You are being served with the enclosed notice under section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process.

If you have any questions about the matter, PLEASE contact the CLERK of the enclosed/below mentioned court or any attorney of your choice. Our office does not accept payments on behalf of debts. The Secretary of the Commonwealth's ONLY responsibility is to mail the enclosed papers to you.

COURT:

Prince William County General District Court
9311 Lee Avenue
Manassas, VA 20110

Service of Process Clerk
Secretary of the Commonwealth's Office

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH**

Case No. ..............................................

Commonwealth of Virginia Va. Code §§ 8.01-301, -329; 55.1-1211; 55.1-1401; 57-51

.............................................................................. District Court

.............................................................. v. ..............................................................

.............................................................. ..............................................................

.............................................................. ..............................................................

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments: [ ] Warrant [ ] Motion for Judgment [ ] ..............................................................

I, the undersigned Affiant, state under oath that:

[ ] the above-named defendant [ ] ..............................................................

whose last known address is: [ ] same as above [ ] ..............................................................

..............................................................

1. [ ] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) .............................. applies (see NON-RESIDENCE GROUNDS REQUIREMENT on reverse).
2. [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT on reverse) and that

[ ] is the return date on the attached warrant, motion for judgment or notice (see TIMELY SERVICE REQUIREMENT on reverse).

.............................................................. DATE

[ ] PARTY [ ] PARTY'S ATTORNEY [ ] PARTY'S AGENT

State of .............................................................. [ ] City [ ] County of ..............................................................

Acknowledged, subscribed and sworn to before me this .............................. day of .............................................................., 20 ..............................

.............................................................. NOTARY REGISTRATION NUMBER

[ ] CLERK [ ] MAGISTRATE [ ] NOTARY PUBLIC (My commission expires ..............................)

[ ] Verification by the clerk of the court of the date of filing of the certificate of compliance requested. A self-addressed stamped envelope was provided to the clerk at the time of filing of this Affidavit.

NOTICE TO THE RECIPIENT from the Office of the Executive Secretary of the Commonwealth of Virginia:

You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.

SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

**CERTIFICATE OF COMPLIANCE**

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On JUL 18 2024, legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.
2. On JUL 22 2024, papers described in the Affidavit and a copy of this Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

SERVICE OF PROCESS CLERK, DESIGNATED BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

**TIMELY SERVICE REQUIREMENT:**

Service of process in actions brought on a warrant or motion for judgment pursuant to Virginia Code § 16.1-79 or § 16.1-81 shall be void and of no effect when such service of process is received by the Secretary within ten days of any return day set by the warrant. In such cases, the Secretary shall return the process or notice, the copy of the affidavit, and the prescribed fee to the plaintiff or his agent. A copy of the notice of the rejection shall be sent to the clerk of the court in which the action was filed.

**NON-RESIDENCE GROUNDS REQUIREMENT:**
If box number 1 is checked, insert the appropriate subsection number:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth;
2. Contracting to supply services or things in this Commonwealth;
3. Causing tortious injury by an act or omission in this Commonwealth;
4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;
5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;
6. Having an interest in, using, or possessing real property in this Commonwealth;
7. Contracting to insure any person, property, or risk located within the Commonwealth at the time of contracting; or
8. (ii). Having been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having in personam jurisdiction over such person.
9. Having incurred a liability for taxes, fines, penalties, interest, or other charges to any political subdivision of the Commonwealth.

**DUE DILIGENCE REQUIREMENT:**

If box number 2 is checked, the following provision applies:

When the person to be served is a resident, the signature of an attorney, party or agent of the person seeking service on such affidavit shall constitute a certificate by him that process has been delivered to the sheriff or to a disinterested person as permitted by § 8.01-293 for execution and, if the sheriff or disinterested person was unable to execute such service, that the person seeking service has made a bona fide attempt to determine the actual place of abode or location of the person to be served.

**WARRANT IN DEBT** (CIVIL CLAIM FOR MONEY)
Commonwealth of Virginia VA. CODE § 16.1-79

PRINCE WILLIAM COUNTY General District Court
CITY OR COUNTY

9311 Lee Ave., Manassas, VA 20110-5586
STREET ADDRESS OF COURT

TO ANY AUTHORIZED OFFICER: You are hereby commanded to summons the Defendant(s).

TO THE DEFENDANT(S): You are summoned to appear before this Court at the above address on AUG 29 2024 1pm to answer the Plaintiff(s)' civil claim (see below)
RETURN DATE AND TIME

7-12-2024
DATE ISSUED

[ ] CLERK [X] DEPUTY CLERK [ ] MAGISTRATE

**CLAIM:** Plaintiff(s) claim that Defendant(s) owe Plaintiff(s) a debt in the sum of

$ 25,000.00 net of any credits, with interest at 10.00 % from date of ........ until paid,

$ ........ costs and $ ........ attorney's fees with the basis of this claim being

[ ] Open Account [ ] Contract [ ] Note [X] Other (EXPLAIN)
MULTIPLE VIOLATIONS OF THE FCRA, FDCPA AND VDCA.

HOMESTEAD EXEMPTION WAIVED? [ ] YES [X] NO [ ] cannot be demanded

7/1/2024
DATE

[X] PLAINTIFF [ ] PLAINTIFF'S ATTORNEY [ ] PLAINTIFF'S EMPLOYEE/AGENT

**CASE DISPOSITION**

JUDGMENT against [ ] named Defendant(s) [ ] ........

for $ ........ net of any credits, with interest at ........ % from date

of ........ until paid, $ ........ costs and $ ........ attorney's fees

[ ] and $ ........ costs for Servicemember Civil Relief Act counsel fees

HOMESTEAD EXEMPTION WAIVED? [ ] YES [ ] NO [ ] CAN NOT BE DEMANDED

[ ] JUDGMENT FOR [ ] NAMED DEFENDANT(S) [ ] ........

[ ] NON-SUIT [ ] DISMISSED ........

Defendant(s) Present: [ ] NO [ ] YES ........

DATE

JUDGE

FORM DC-412 (FRONT) 10/22

CASE NO. GV24011665-00

Carter, Marquise D.
PLAINTIFF(S) (LAST NAME, FIRST NAME, MIDDLE INITIAL)

1290 Bayside Ave. Apt. 11
ADDRESS
Woodbridge, VA 22191
(703) 296-7195

V.

DEFENDANT(S) (LAST NAME, FIRST NAME, MIDDLE INITIAL)

Affirm Loan Services, LLC
ADDRESS
650 California Street, Floor 12
Los Angeles, CA 94108

**WARRANT IN DEBT**

TO DEFENDANT: You are not required to appear; however, if you fail to appear, judgment may be entered against you. See the additional notice of the reverse about requesting a change of trial location.

[ ] To dispute this claim, you must appear on the return date to try this case.

[ ] To dispute this claim, you must appear on the return date for the judge to set another date for trial.

Bill of Particulars ........ ORDERED ........ DUE

Grounds of Defense ........ ORDERED ........ DUE

ATTORNEY FOR PLAINTIFF(S)

ATTORNEY FOR DEFENDANT(S)

**HEARING DATE AND TIME**

AUG 29 2024 1pm

JUDGMENT PAID OR SATISFIED PURSUANT TO ATTACHED NOTICE OF SATISFACTION.

DATE

CLERK

**DISABILITY ACCOMMODATIONS**
for loss of hearing, vision, mobility, etc., contact the court ahead of time.

**RETURNS: Each defendant was served according to law, as indicated below, unless not found.**

NAME Affirm Loan Services, LLC
c/o: CT Corporation
ADDRESS 330 N. Brand Blvd., Suite 700
Glendale, CA 91203

[ ] PERSONAL SERVICE Tel. No. ..........

Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.

---

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth

[ ] NOT FOUND

SERVING OFFICER

.......... for ______
DATE

NAME ..........

ADDRESS ..........

[ ] PERSONAL SERVICE Tel. No. ..........

Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.

---

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth

[ ] NOT FOUND

SERVING OFFICER

.......... for ______
DATE

NAME ..........

ADDRESS ..........

[ ] PERSONAL SERVICE Tel. No. ..........

Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.

---

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth

[ ] NOT FOUND

SERVING OFFICER

.......... for ______
DATE

**OBJECTION TO VENUE:**
To the Defendant(s): If you believe that Plaintiff(s) should have filed this suit in a different city or county, you may file a written request to have the case moved for trial to the general district court of that city or county. To do so, you must do the following:

1. Prepare a written request which contains (a) this court's name, (b) the case number and the "return date" as shown on the other side of this form in the right corner, (c) Plaintiff(s)' name(s) and Defendant(s)' name(s), (d) the phrase "I move to object to venue of this case in this court because" and state the reasons for your objection and also state in which city or county the case should be tried, and (e) your signature and mailing address.

2. File the written request in the clerk's office before the trial date (use the mail at your own risk) or give it to the judge when your case is called on the return date. Also send or deliver a copy to plaintiff.

3. If you mail this request to the court, you will be notified of the judge's decision.

I certify that I mailed a copy of this document to the defendants named therein at the address shown therein on

7/1/2024
DATE

[signature]
[X] Plaintiff
[ ] Plaintiff's Atty.
[ ] Plaintiff's Agent

Fi. Fa. issued on ..........

Interrogatories issued on: ..........

Garnishment issued on ..........

..........

File No. ____________

**AFFIDAVIT FOR WARRANT IN DEBT**
PRINCE WILLIAM COUNTY GENERAL DISTRICT COURT

Marquise D. Carter
**Plaintiff(s)** Name(s) and Address
1290 Bayside Ave. Apt. 11
Woodbridge, VA 22191
(703) 296-7195

v

Affirm Loan Services, LLC
**Defendant(s)** Name(s) and Address
650 California St., Floor 12
Los Angeles, CA 94108

THIS DAY, the undersigned affiant personally appeared before me a Notary Public, in and for the Commonwealth of Virginia or an officer of the aforementioned Court, and upon being duly sworn, deposes and says that he is the Plaintiff (or the duly authorized Agent of the Plaintiff), and having personal knowledge of the facts hereinafter set forth, states that the said Defendant(s) is/are justly indebted to the said Plaintiff(s) in the amount of

$ 25,000.00 with interest thereon from the 2 day of July 2024,

at 10 % and $ ............ Attorney's fees; which sum is due by virtue of:

Multiple violations of the FCRA, FDCPA and VDCA concerning Plaintiff

and that the whole of said amount is now due and owing; that said Plaintiff(s) has/have a just right to recover the said amount from the said Defendant(s), exclusive of all set-offs and just grounds of defense and that to the best of the Affiant's knowledge and belief, none of the Defendants is incompetent, is a minor or is an active duty member of any branch of the Armed Forces of the United States of America.

[ ] Plaintiff's Agent
[X] Plaintiff

Marquise D. Carter
Print or Type Affiants Name

[signature]
Signature of Affiant

SUBSCRIBED AND SWORN TO BEFORE ME THIS DAY.

7/3/24
DATE

AcB
[ ] Clerk [ ] Magistrate [ ] Judge
[X] Deputy Clerk [ ] Notary
My Commission Expires ____________

**PETITION FOR PROCEEDING IN CIVIL CASE WITHOUT PAYMENT OF FEES OR COSTS**
COMMONWEALTH OF VIRGINIA VA.CODE §§ 16.1-69.48:4; 17.1-606

Case No. GV24011665-00

Prince William County
[ ] Juvenile & Domestic Relations District Court
[X] General District Court

Marquise D. Carter v. Affirm Loan Services, LLC

The undersigned petitioner(s) request the court to permit the petitioner(s) to sue or defend a civil case in this court without the payment of fees or costs and to have from all officers all needful services and process. In support of the petition, the petitioner(s) state that the following information is true:

[X] I currently receive the following type(s) of public assistance in ............ CITY/COUNTY

[ ] TANF $ ............ [X] Medicaid [ ] Supplemental Security Income $ ............

[X] SNAP (food stamps) $ 291 [ ] Other (specify type and amount) ............

[ ] I currently do not receive public assistance.

[ ] I am represented in this matter by a legal aid society, an attorney appearing as counsel *pro bono*, or an attorney assigned to me or referred by a legal aid society.

RECEIVED JUL 02 2024 BY PRINCE WILLIAM GDC

Names and address of employer(s) for myself and spouse:

Self Unemployed

Spouse ............

| | Self | | Spouse | | COURT USE ONLY | |
|---|---|---|---|---|---|---|
| **NET INCOME:** | | | | | | |
| Pay period (weekly, every second week, twice monthly, monthly) | 0.00 | | | | | |
| Net take home pay (salary/wages, minus deductions required by law and tax withholdings) | $ 0.00 | | | | | |
| Other income sources (please specify) | $ 0.00 | | | | | |
| **TOTAL INCOME** | $ 0.00 | + | | = | | A |
| **LIQUID ASSETS:** | | | | | | |
| Cash on hand | $ 0.00 | | | | | |
| Bank Accounts at: | $ 0.00 | | | | | |
| Any other liquid assets: (please specify) ............ with a value of | $ 0.00 | | | | | |
| **TOTAL ASSETS** | $ 0.00 | + | | = | | B |

............ Number in household I have financial responsibility for, including myself.

| **EXCEPTIONAL EXPENSES** (Total Exceptional Expenses of Family) | | | COURT USE ONLY | |
|---|---|---|---|---|
| Medical Expenses (list only unusual and continuing expenses) | $ 0.00 | | | |
| Court-ordered support payments/alimony<br>[ ] deducted from paycheck [ ] not deducted from paycheck | $ 0.00 | | | |
| Child-care payments (e.g. day care) | $ 0.00 | | | |
| Other (describe): ............ | $ 0.00 | | | |
| **TOTAL EXPENSES** | $ 0.00 | = | | C |
| COLUMN "A" plus COLUMN "B" minus COLUMN "C" equals available funds | | = | | |

ACKNOWLEDGEMENT

I understand that the court cannot provide me with legal advice, and that it may be advisable to get advice from a lawyer.

7/2/2024 ............ [signature] ............ Marquise D. Carter

DATE ............ SIGNATURE – PETITIONER ............ PRINT NAME – PETITIONER

1290 Bayside Ave. Apt. 11 ; Woodbridge, VA 22191

RESIDENCE ADDRESS OF PETITIONER

SIGNATURE – PETITIONER ............ PRINT NAME – PETITIONER

RESIDENCE ADDRESS OF PETITIONER

**ORDER**

[X] The petition is granted.

[ ] The petition is denied.

7/2/24 ............ [signature]

DATE ............ JUDGE

U.S. POSTAGE IMI
$1.29
RDC 99
22193 FCM
Date of sale
07/31/24
02
2000392083
SSK
8W
9945407311145803

FOLD HERE

Marquise D. Carter
1290 Bayside Ave, Apt. 11
Woodbridge, VA 22191

Affirm Loan Services, Inc.
c/o: CT Corporation
330 N. Brand Blvd. Suite 700
Glendale, CA 91203

# In the General District Court for Prince William County, Virginia

**MARQUISE DEMETRIOUS CARTER,**

**Plaintiff**

**v.**

**AFFIRM LOAN SERVICES, INC.,**

**Defendant**

**Case No.: GV24011665-00**

## Original Motion and Order for Judgment Against Affirm Loan Services, Inc. for FCRA Violations

---

### Introduction

This Original Motion for Judgment addresses Affirm Loan Services, Inc. ("Affirm")'s series of ongoing violations of the Fair Credit Reporting Act (FCRA) concerning the repeated and willful reporting of six or more fraudulent loan accounts to Experian Information Services, Inc. and possibly other third parties and/or Credit Reporting Agencies ("CRAs") as well. Affirm Loan Services, Inc. continued to report these accounts despite being properly informed of an ongoing identity theft issue, supported by substantial documentation from the Federal Trade Commission (FTC), the Prince William County Police Department (PWCPD), and numerous other financial institutions. This conduct represents a material breach and overall gross disregard of the FCRA and has caused significant harm to the plaintiff, Marquise Demetrious Carter.

---

### Factual Background

1. **Identity Theft Notification:**

- The plaintiff, Marquise Demetrious Carter, is a victim of a pattern of ongoing identity theft, as evidenced by reports officially filed with the FTC and the Prince William County Police Department and numerous documents from banks and credit card lenders amongst other lending institutions confirming the same. These reports detailed a pattern of ongoing identity theft, leading to fraudulent accounts being opened in the plaintiff's name.

2. **Notification to Affirm Loan Services, Inc.:**

   - The plaintiff provided Affirm Loan Services, Inc. with copies of the FTC Identity Theft Report and the police reports, clearly documenting the identity theft, on numerous occasions.
   - Additionally, the plaintiff provided Affirm Loan Services, Inc. with letters from nearly a dozen other financial institutions confirming that accounts opened in the plaintiff's name were declared fraudulent due to identity theft after thorough internal investigations. Said accounts are suspected to be associated with any number of the underlying fraudulent Affirm loan accounts being reported to Experian as potential loan repayment methods.
   - Despite this evidence, Affirm Loan Services, Inc. failed to investigate adequately and continued to report the fraudulent loan accounts to Experian. Furthermore, Affirm Loan Services, Inc. refused to release information about suspected linked repayment methods and ignored Plaintiff's multiple written requests for validation and verification of the accounts and associated debts.

---

**Legal Framework**

1. **FCRA Requirements:**

   - Under 15 U.S.C. § 1681s-2(a)(1), furnishers of information to credit reporting agencies (CRAs) must ensure the accuracy of the information they report.

- Section 1681s-2(a)(3) mandates that furnishers must notify CRAs when an account is disputed.
- Section 1681s-2(b) requires furnishers to investigate disputed information when notified by a CRA and report the results to the CRA.

2. **Affirm Loan Services, Inc.'s Violations:**

   - **Failure to Report Accurate Information (15 U.S.C. § 1681s-2(a)(1)):** Affirm Loan Services, Inc. reported fraudulent loan accounts to Experian despite clear evidence and knowledge of the reported identity theft, thereby providing inaccurate information.
   - **Failure to Mark Accounts as Disputed (15 U.S.C. § 1681s-2(a)(3)):** Affirm Loan Services, Inc. did not mark the fraudulent accounts as disputed, even after being notified of the identity theft. Affirm had a statutory obligation to label each of the six accounts being reported as being fraudulent due to identity theft upon notice by the victim and to immediately notify the CRAs.
   - **Failure to Investigate (15 U.S.C. § 1681s-2(b)):** Upon notification from Experian about the dispute, Affirm Loan Services, Inc. was required to conduct a reasonable investigation. The continued reporting and repeated recertification of fraudulent accounts suggests that Affirm Loan Services, Inc. either did not investigate or did so inadequately. *Of note, Affirm Loan Services, Inc. sent Plaintiff an email stating that it **would not** investigate the identity theft issue.*
   - **Failure to Provide Requested Information:** Affirm Loan Services, Inc. continuously ignored written requests for validation and verification of the accounts and associated debts, maliciously obstructing the dispute process of the CRAs and thwarting the Better Business Bureau ("BBB"), Federal Trade Commission ("FTC") and Consumer Finance Protection Bureau ("CFPB") intervention processes. This behavior represents an abuse of authority, certifying data as valid despite its fraudulent nature and numerous incomplete data values

as evidenced within the Experian reports themselves, which have remained incomplete and inaccurate to date.

---

**Argument**

1. **Affirm Loan Services, Inc.'s Responsibility to Report Accurate Information:**
   - The FCRA mandates that furnishers like Affirm Loan Services, Inc. must ensure the accuracy of the information they report to CRAs. By continuing to report fraudulent accounts as legitimate, Affirm Loan Services, Inc. breached its duty under the FCRA.
2. **Failure to Mark Disputed Accounts:**
   - Affirm Loan Services, Inc. had an obligation to mark the fraudulent accounts as disputed upon receiving notice from the plaintiff. By failing to do so, Affirm Loan Services, Inc. further violated the FCRA, exacerbating the harm caused to the plaintiff.
3. **Failure to Conduct a Reasonable Investigation:**
   - Upon being notified of the dispute by Experian, Affirm Loan Services, Inc. was required to conduct a reasonable investigation. The continued reporting of fraudulent accounts and refusal to validate or verify debts suggests that Affirm Loan Services, Inc. either did not investigate or did so inadequately, thus breaching its statutory obligations.
4. **Failure to Provide Requested Information:**
   - Affirm Loan Services, Inc.'s refusal to provide information about the suspected linked repayment methods and to validate or verify the debts, despite multiple requests, obstructed the dispute process and CFPB relief. This behavior indicates an abuse of authority and a disregard for the FCRA's requirements.

---

**Statutory Damages**

- The FCRA allows for statutory damages of $100.00 to $1,000.00 per willful violation. Affirm Loan Services, Inc. willfully certified fraudulent account information as accurate to Experian more than 25 times, despite receiving substantial evidence of identity theft. Additionally, Affirm Loan Services, Inc. falsely altered or removed information Plaintiff identified as being incomplete and/or inaccurate for reasons unrelated to the underlying fraudulent nature of the accounts to sidestep its statutory duty to investigate Plaintiff's dispute of the fraudulent accounts.
- Given this pattern of willful noncompliance, the plaintiff seeks the maximum statutory damages for each of the 25+ violations, totaling $25,000.00.

---

**Damages**

The plaintiff has suffered significant harm due to Affirm Loan Services, Inc.'s actions, including:

- **Credit Damage:** The reporting of fraudulent accounts negatively impacted the plaintiff's credit score and credit history, affecting their ability to obtain credit, housing, and employment.
- **Emotional Distress:** The stress and anxiety resulting from dealing with the fallout of identity theft and Affirm Loan Services, Inc.'s failure to address the issue appropriately.
- **Financial Costs:** Costs incurred in disputing the fraudulent accounts and attempting to rectify the credit report.
- **Lost Wages:** $200.00/day for 19 days totaling $3,800.00 for lost time from work while addressing the Affirm identity theft issue.

---

**Relief Sought**

Given the violations of the FCRA, the plaintiff seeks:

- **Actual Damages:** Compensation for the financial and emotional harm caused by Affirm Loan Services, Inc.'s actions, including Lost Wages at the rate of $200.00 per day, for 19 days, totaling $3,800.00 while Plaintiff was addressing the fraudulent accounts. Additionally, Plaintiff has suffered unwarranted credit denials, extremely subprime approval terms and high interest rates on unfavorable loan or credit approvals, drastically reduced credit limits on preexisting credit lines, been subjected to disproportionately higher down payments or security deposits and wasted countless funds on housing application fees, based exclusively on the negative fraudulent accounts being reported by Affirm Loan Services, Inc. and would ask for $5,000 as reparation.

- **Statutory Damages:** Up to $1,000.00 for each of the 25+ willful certifications of the fraudulent accounts to Experian, amounting to $25,000.00.

- **Punitive Damages:** To deter similar conduct by Affirm Loan Services, Inc. and other furnishers.

- **Attorney's Fees and Costs:** Reimbursement for the legal expenses incurred in pursuing this claim.

- **Total Monetary Damages Sought:** $25,000.00.

- **Injunctive Relief:** An order requiring Affirm Loan Services, Inc. to:

    - **Cease Reporting Fraudulent Accounts:** Immediately stop reporting the fraudulent accounts to any CRAs permanently, except to the extent of submission of Affirm Loan Services, Inc's DELETION request to the CRAs.

    - **Delete the Fraudulent Accounts:** Remove the six fraudulent accounts from the plaintiff's credit report with Experian and anywhere else reported within four calendar days of the Court's entry of Judgment.

- **Provide Requested Information:** Release information regarding the suspected linked repayment methods for the fraudulent accounts within four calendar days of the Court's entry of Judgment.

- **Implement Compliance Measures:** Establish and maintain procedures to ensure compliance with the FCRA, including proper handling of identity theft claims, validation, and dispute investigations.

- **Cease Collection Activity on Fraudulent Accounts:** Immediately notify any third-party debt collection agencies having Plaintiff's personal information in its possession to purge said information and cease any collection activities, including CRA reporting in relation to any accounts fraudulently opened using Plaintiff's identifying information with Affirm Loan Services, Inc., whether currently being reported or not.

---

**Conclusion**

Affirm Loan Services, Inc.'s continued reporting of fraudulent loan accounts to Experian, despite being informed of the identity theft, constitutes a clear violation of the FCRA. The plaintiff has suffered substantial harm as a result, and legal relief is both warranted and necessary. The plaintiff respectfully requests that the court award actual, statutory, and punitive damages, as well as attorney's fees and costs, and grant injunctive relief to address the significant impact of Affirm Loan Services, Inc.'s unlawful actions and prevent further harm.

Respectfully Submitted,

Marquise Carter (signature) July 30, 2024

Marquise Demetrious Carter, Plaintiff

## Order of the Court

It is hereby **ORDERED** that Judgment is entered for the Plaintiff as follows:

Statutory Damages in the sum of $_____________

Actual Damages in the sum of $___________

Punitive Damages in the sum of $___________

for a grand total of $__________________ in monetary damages are hereby awarded to Plaintiff.

Additionally, an Injunction against the Defendant is **ORDERED** as follows, with respect to loan account numbers K9A9-3KMA, TVE4-FF1M, PGQJ-UAGL, BQ4L-92S0, 7HWA-QL0Q, WDYM-DW0L, 5110-3CHB, G85M-6MSH, 5F4Q-ZO53, Q6KA-APIP, PQZC-16XZ, KIF9-5US1, C5Y6-JZ6Z and any related loan accounts fraudulently established or goods and services unlawfully obtained using Plaintiff's stolen identity information with Defendant prior to today's date:

- **Cease Reporting Fraudulent Accounts:** Defendant shall immediately stop reporting the above listed fraudulent accounts to any CRAs permanently, except to the extent of submission of Affirm Loan Services, Inc's ACCOUNT DELETION REQUEST to the respective CRAs and/or debt collectors currently assigned said loan account debts.

- **Delete the Fraudulent Accounts:** Defendant shall permanently remove the above listed fraudulent accounts in their entirety from the Plaintiff's credit report with Experian and anywhere else reported within four calendar days of the Court's entry of Judgment and direct any assignees collecting said debts to do the same.

- **Provide Requested Information:** Defendant shall release information regarding the suspected linked repayment methods for the above listed fraudulent accounts, the original wet signature loan contracts for said loans, all transaction history for these and any other "Affirm" loan accounts in Plaintiff's name, specify what personal identifying information belonging to the Plaintiff was utilized to establish or maintain the fraudulent loan accounts, all account history and repayment history as applicable for said loan accounts and any additional information relative to the Plaintiff within four calendar days of the Court's entry of Judgment.

- **Implement Compliance Measures:** Defendant shall establish and maintain revised procedures to ensure compliance with the FCRA, including proper handling of identity theft claims, validation, and dispute investigations. Defendant shall also implement more secure identity verification protocols to better prevent fraudulent loan applications due to identity theft from being successful on its platform.

- **Cease Collection Activity on Fraudulent Accounts:** Defendant shall immediately notify any third-party debt collection agencies having business with Affirm Loan Services, Inc., including True Accord, January, and all others having Plaintiff's personal identifying or contact information in its possession to immediately purge said information from its databases and cease any collection activities, including CRA reporting in relation to any accounts fraudulently established using Plaintiff's personally identifying information with Affirm Loan Services, Inc., whether currently being reported or not.

- **Update Internal Recordkeeping of Fraudulent Accounts:** Defendant shall also, within eight calendar days, update its own internal records with respect to the above listed fraudulent loan accounts to accurately reflect the identity of the account owner as "Unknown User," "John Doe," "Identity Thief" or other suitable reflection deemed appropriate by Defendant to comply with this order in its

entirety. Specifically, Defendant is hereby **ORDERED** to completely disassociate Plaintiff from these fraudulent loan accounts and purge all personally identifying information belonging to Plaintiff from its own databases, including but not limited to: Plaintiff's Name, Address, Phone Number, Email Address, Social Security Number, Date of Birth, Driver's License Number and/or other sensitive personal information which might directly or indirectly cause any unwarranted denial or bias towards Plaintiff on the basis of the defaulted fraudulent loan accounts in the event a legitimate application is made by Plaintiff in the future with Affirm Loan Services, Inc. Plaintiff shall immediately notify the Court in the event of any denial of a potential future loan application, contract or agreement with Defendant, if such application is made, based on Defendant's noncompliance with this **ORDER**. Defendant may be subjected to assessment of additional monetary damages, sanctions and/or penalties if such finding is determined at that time by the Court.

It is so **ORDERED.**

____________________________ ______________________

Judge Date Entered

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Motion and Order for Judgment has been served upon the defendant, Affirm Loan Services, Inc., through its registered agent for service of process at:

**Affirm Loan Services, Inc.**
c/o: CT Corporation
330 N. Brand Blvd. Suite 700
Glendale, CA 91203

The service was made on July 30, 2024, by first-class mail.

**Date:** July 30, 2024

**Signature:** ____________________

**Marquise Demetrious Carter**
**1290 Bayside Ave Apt 11**
**Woodbridge, VA 22191**
**Phone Number:** (703) 296-7195
**Email Address:** marquisecarter202@outlook.com