IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MARQUISE DEMETRIOUS CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-1436 (RDA/WEF) |
| | ) | |
| AFFIRM LOAN SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Affirm Loan Services, LLC's Motion to Dismiss (the "Motion") (Dkt. 19). This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering the Motion together with the Amended Complaint (Dkt. 14) and the Memorandum in Support (Dkt. 20),[1] this Court GRANTS the Motion for the following reasons.

### I. BACKGROUND

#### A. Factual Background[2]

On February 23, 2024, Plaintiff Marquise Demetrious Carter discovered fraudulent loan accounts on his Experian credit report. Dkt. 14 ¶ 2. Plaintiff then notified Defendant of the

---

[1] Despite receiving a notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff, who is proceeding *pro se*, failed to file any response to the Motion.

[2] For purposes of considering Defendants' Motions, the Court accepts all facts contained within Plaintiff's Complaint and Amended Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Despite Magistrate Judge Fitzpatrick's granting of Plaintiff's Amended Complaint, upon review, this Court is left confused by the Amended Complaint as it seems to be comprised of some

disputed fraudulent accounts and suspected identity theft. *Id.* Plaintiff subsequently engaged in multiple communications with Defendant regarding the issues, but Defendant failed to rectify the inaccuracies on Plaintiff's credit report. *Id.* ¶ 3. Plaintiff further notified Experian Information Services' Fraud Department and the Consumer Financial Protection Bureau, but the issues were not resolved. *Id.* ¶ 4.

Accordingly, Plaintiff filed this action alleging that Defendant committed multiple violations of "the FCRA, FDCPA, and VDCA." Dkt. 1-2 at 7. Specifically, Plaintiff alleges that Defendant violated 15 U.S.C. § 1681(c)(2). Dkt. 14 ¶ 6. Plaintiff requests relief in the form of, *inter alia*, $36,000 damages for violations of 15 U.S.C. § 1681(c)(2), $1,475,000 for pain and suffering, defamation of character, and financial losses, and any other relief deemed appropriate by the Court. *Id.*

B. Procedural Background

On July 1, 2024, Plaintiff filed a Warrant in Debt and Order for Judgment in the General District Court for Prince William County, Virginia. Dkt. 1-2 at 5-22. On August 18, 2024, Defendant removed the action to this District Court on the basis of federal question jurisdiction and supplemental jurisdiction. Dkt. 1 at 2. On August 23, 2024, Defendant filed a motion for a more definite statement. Dkt. 4. On August 28, 2024, Magistrate Judge William E. Fitzpatrick

---

amended claims and numerous attached documents of his financial records but leaves out some of the claims mentioned in his original Warrant in Debt and Order for Judgment. Further, the Amended Complaint is not written in traditional complaint format. *See* Dkt. 14. As *pro se* plaintiffs are granted more leniency and *pro se* complaints should be "liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this Court will adopt the same approach taken as Defendant in this case and consider both the original complaint (both the Warrant in Debt, Dkt. 1-2 at 5-9, and the Order for Judgment, Dkt. 1-2 at 12-22) as well as Plaintiff's Amended Complaint combined as the operative complaint in this matter. *See* Dkt. 20 at 4 ("[Defendant] assumes that Plaintiff's 'Amended Complaint' includes his original Complaint (i.e. the Warrant in Debt) . . . and the allegations/relief listed in the Motion to Amend.").

denied Defendant's motion without prejudice. Dkt. 7. On September 12, 2024, Defendant filed the first motion to dismiss. Dkts. 8, 9. On September 23, 2024, Plaintiff filed a motion to deny Defendant's motion to dismiss, which this Court understood as Plaintiff's opposition to the motion to dismiss. Dkt. 12. On the same day, Plaintiff additionally filed a motion to amend the original complaint, Dkt. 14, which was then granted by Judge Fitzpatrick, Dkt. 18. Accordingly, the parties' earlier motions (Defendant's initial motion to dismiss and Plaintiff's motion to deny the motion to dismissed) were denied as moot. Dkt. 22.

On October 8, 2024, Defendant filed the instant Motion to Dismiss with a *Roseboro* Notice. Dkt. 19. On March 25, 2025, this Court, out of an abundance of caution, provided Plaintiff an additional *Roseboro* notice, granting Plaintiff an additional 21 days to respond to Defendant's Motion to Dismiss. Dkt. 23. Plaintiff did not respond to the Motion to Dismiss by the deadline and has not responded to date.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of a complaint," but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, in reviewing a motion to dismiss, the Court must "accept the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff." *Coleman v. Maryland Ct. of App.*, 626 F.3d 187, 189 (4th Cir. 2010), *aff'd sub nom. Coleman v. Court of App. of Md.*, 566 U.S. 30 (2012). The Court must also "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (internal quotation marks and citation omitted).

To avoid Rule 12(b)(6) dismissal, a complaint must contain sufficient factual allegations

"to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To qualify as plausible, a claim needs sufficient factual content to support a reasonable inference of the defendant's liability for the alleged misconduct. *See id.*; *Twombly*, 550 U.S. at 556. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). The factual allegations must be sufficient to "raise a right to relief above the speculative level" so as to "nudge[ ] the[ ] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "At bottom, determining whether a complaint states . . . a plausible claim for relief . . . will 'be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).[3]

### III.  ANALYSIS

As an initial matter, as Plaintiff was cautioned in the *Roseboro* Notice issued in this case, by failing to respond to the Motion to Dismiss, the Motion could be deemed unopposed and granted. *See Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (holding that a district

---

[3] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing *pro se* complaint); *accord Atherton v. District of Columbia Off. of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting *Erickson*, 551 U.S. at 94; then *Iqbal*, 556 U.S. at 679)).

court is "entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted" in the motion); *Ferdinand–Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim."). Thus, Plaintiff's failure to respond to the Motion, by itself, stands as a basis to grant the Motion. Out of an abundance of caution and in deference to Plaintiff's *pro se* status, the Court will also address each of the arguments in the Motion. Because the arguments that Defendant advances are sound, the Court will also grant the Motion on the merits.

A. FDCPA Claim & VDCA Claims

First, Plaintiff alleges Fair Debt Collection Practices Act ("FDCPA") and/or Virginia Debt Collect Act ("VDCA") claims. Dkt. 1-2 at 7. Plaintiff, however, has not alleged any facts in any of his filings regarding what claims he seeks to bring under the FDCPA or the VDCA. *Id.*; *see also* Dkt. 14 at 1-3. There are no factual allegations in either Plaintiff's original Warrant in Debt or Order for Judgment, nor in his Amended Complaint, that address these claims. Accordingly, the Court will dismiss Plaintiff's FDCPA and VDCA claims for failure to state a plausible claim for relief under those statutes. *Ashcroft*, 556 U.S. at 678.

B. FCRA Claims

Plaintiff then goes on to allege claims against Defendant for violating various provisions of the Fair Credit Reporting Act ("FCRA"). Dkt. 1-2 at 7; *see also* Dkt. 14 at 1. Specifically, Plaintiff alleges that Defendant violated FCRA pursuant to 15 U.S.C. §§ 1681s-2(a), (b) and § 1681(c)(2). The Court will therefore address claims under each statute individually.

1. Claims under Section 1681s-2(a)

Plaintiff alleges that Defendant "reported fraudulent loan accounts to Experian despite clear evidence and knowledge of the reported identity theft" in violation of Section 1681s-2(a)(1), and Defendant "did not mark the fraudulent accounts as disputed" in violation of Section 1681s-2(a)(3). Dkt. 1-2 at 14. Plaintiff's claims in this regard fail, however, because "FCRA explicitly bars private suits for violations of § 1681s-2(a)." *Saunders v. Branch Banking and Tr. Co. of Va.*, 526 F.3d 142, 148 (4th Cir. 2008). Thus, Plaintiff cannot recover under Section 1681-2(a).

2. Claims under Section 1681s-2(b)

Next, the Court reviews Plaintiff's claims under Section 1681s-2(b). To state a claim under Section 1681s-2(b), Plaintiff must allege "(1) that [he] notified a consumer reporting agency that [he] disputed the accuracy of information in [his] consumer report; (2) that the consumer reporting agency notified [the furnisher] of [Plaintiff's] dispute; and (3) that [the furnisher] failed to adequately investigate after receiving the notice from the consumer reporting agency." *Rossman v. Lazarus*, 2008 WL 8958318, *4 (E.D. Va. Oct. 7, 2008).[4]

Plaintiff states that he "notified Experian Information Services' Fraud Department of the issue." Dkt. 14 ¶ 4. But Plaintiff has failed to allege facts sufficient to satisfy the second and third elements of the claim. Plaintiff has not alleged that Experian notified Defendant of the dispute, so as to trigger the duty to investigate. *See Taylor v. First Premier Bank*, 841 F. Supp. 2d 931, 933 (E.D. Va. 2012) ("The creditor's receipt of a notice from a credit reporting agency is the event that triggers Defendant's obligation to investigate."). Moreover, Plaintiff's allegation regarding the alleged failure to investigate is conclusory and cannot support a plausible claim. *See Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (holding that

---

[4] In this case, Experian plays the role of the consumer reporting agency and Defendant is the data furnisher.

allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Finley v. TransUnion*, 2019 WL 935138, at *3 (N.D. Cal. Feb. 26, 2019) (dismissing FCRA claim where plaintiffs only made "conclusory restatements of the law, without any supporting facts"). Accordingly, Plaintiff fails to state a claim under Section 1681s-2(b).

### 3. Claims under Section 1681c-2

Finally, Plaintiff alleges a claim against Defendant in violation of Section 1681(c)(2) for "fail[ing] to rectify the inaccuracies on [his] credit report." Dkt. 14 ¶ 3.[5] Section 1681c–2 provides, in part, that

> (a) [e]xcept as otherwise provided in this section, a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from the alleged identity theft . . .
> (b) [a] consumer reporting agency shall promptly notify the furnisher of information identified by the consumer . . . (1) that the information may be a result of identity theft; [or] (2) that an identity theft report has been filed . . .

15 U.S.C. §§ 1681c-2(a), (b).

Section 1681c-2 sets the standard for the obligations of a "consumer reporting agency" under FCRA. But Defendant here is a data furnisher, not a consumer reporting agency, which Plaintiff seems to acknowledge in his allegations. *See* Dkt. 14 ¶ 4 (noting that Plaintiff "also notified Experian" about the alleged fraud). No part of Section 1681c-2 imposes any obligations or duties upon a data furnisher, like Defendant. Accordingly, Plaintiff has failed to state a cause of action against Defendant under FCRA Section 1681c-2.

---

[5] FCRA Section 1681(c)(2) does not exist. Nonetheless, the Court will interpret Plaintiff's claim under what it believed Plaintiff meant to cite, 15 U.S.C. § 1681c-2. Defendant has done the same in their briefing. *See* Dkt. 20 at 8 ("Plaintiff seemingly attempts to add a claim under 15 U.S.C. § 1681c-2 . . . .").

## IV.  CONCLUSION

In sum, Plaintiff's Complaint(s) fail to state a claim for relief on all counts alleged: violation of the FDCPA, the VDCA, and various provisions of FCRA.  The Court having considered whether to provide Plaintiff further leave to amend his complaint finds that, in these circumstances, such relief would be futile.  Here, Plaintiff has already had an opportunity to amend his complaint following the filing of the first Motion to Dismiss.  Dkt. 18; *see* Fed. R. Civ. P. 15 ("[a] party may amend its pleading *once* as a matter of course") (emphasis added).  Despite this opportunity, Plaintiff's allegations remain sparse and deficient.  Moreover, Plaintiff failed to respond to the Motion to Dismiss even after the Court, months after the filing of the Motion, provided Plaintiff with a second opportunity to oppose it.  Thus, the Court finds that permitting further amendment would be futile, inefficient, and not in the interest of justice.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that Defendant Capital One's Motion to Dismiss (Dkt. 19) is GRANTED.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Order.  A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiff wants to appeal.  Plaintiff need not explain the grounds for appeal until so directed by the court of appeals.  Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to all parties of record and close the case.

IT IS SO ORDERED.

Alexandria, Virginia
June 9, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge